FILED
FEBRUARY 18, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

08 C 995

JUDGE CASTILLO
MAGISTRATE JUDGE NOLAN

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DR. HANSEL M. DeBARTOLO )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>INDIAN PRAIRIE SCHOOL DISTRICT # 204 )<br>)<br>Defendant. ) | Case No. |

**COMPLAINT AT LAW**

Now comes the Plaintiff, DR. HANSEL M. DEBARTOLO ("DeBartolo"), by and through his attorney, THE LAW OFFICES OF STUART P. KRAUSKOPF, and complains of Defendant, INDIAN PRAIRIE SCHOOL DISTRICT # 204 ("Mutual Group"), as follows:

**I. PRELIMINARY STATEMENT**

Plaintiff brings this action to recover damages under the provisions of the Employment Retirement Income Security Act ("ERISA"), U.S.C. § 1132(a)(1)(B) and with respect to various other claims.

**II. THE PARTIES**

1. Plaintiff is a physician licensed to practice in the State of Illinois and maintains a medical practice at 11 DeBartolo Drive, Sugar Grove, Illinois.

2. Plaintiff is informed and believes, and based thereon alleges, that Defendant Mutual Group maintains, or maintained, a medical benefit plan ("Plan") and exercises, or exercised, discretionary authority or control respecting the management of disposition of the assets, or has or had discretionary authority or responsibility in the administration of said Plan.

3. Plaintiff is informed and believes, and based thereon alleges, that the Plan is an Employee Welfare Benefit Plan covered by ERISA.

### III. JURISDICTION

4. Jurisdiction over Plaintiff's claims is conferred on this Court pursuant to 29 U.S.C. 1001 <u>et. seq.</u> and the doctrine of supplemental jurisdiction.

### IV. VENUE

5. Venue is proper pursuant to 28 U.S.C. § 1391(a) and (c).

### V. ALLEGATIONS

### COUNT I
### <u>VIOLATION OF ERISA: FAILURE TO PAY BENEFITS</u>

6. Prior to rendering treatment to one of Plaintiff's patients, Nancy Schatzeder ("Schatzeder"), Plaintiff contacted Mutual Group and/or Benefit Systems and Services, Inc. ("BSSI"), Mutual Group's third party administrator, for said Plan for the purpose of verifying that Schatzeder was covered under the Plan. Mutual Group and/or BSSI verified such coverage.

7. Schatzeder thereupon assigned her rights to benefit payments under the Plan from BSSI to Plaintiff as consideration for the medical treatment furnished by Plaintiff to Schatzeder (the "Assignment"). A true and correct copy of Schatzeder's assignment is attached hereto and incorporated herein as Exhibit A.

8. Mutual Group and/or BSSI acknowledged the assignment made by Schatzeder by forwarding payments to Plaintiff totaling $6,313.00 for some of the medical services furnished by Plaintiff to Schatzeder. However, Mutual Group and/or BSSI at the direction of Mutual Group have denied the remaining claims made for treatment furnished to Schatzeder under the Plan.

9. The balance of the benefit payments due Plaintiff under the Plan with respect to medical services furnished to Schatzeder by Plaintiff totals $57,712.00 which the Mutual Group has failed and refused to pay to Plaintiff.

10. The failure and refusal on the part of the Defendant to pay such amount to Plaintiff is contrary to the terms of the Plan and contrary to law.

11. As a direct and proximate result to the failure of the Defendant to pay such amount to Plaintiff, Plaintiff has been deprived of the benefit of such money and will continue to be so deprived in the future.

12. As a further direct and proximate result of the failure of the Defendant to pay such amount to Plaintiff, Plaintiff has been required to incur attorneys fees and costs to pursue this action, and is entitled to have such fees and costs paid by the Mutual Group pursuant to 29 U.S.C. 1132(g)(1).

13. Plaintiff is informed and believes, and based thereon alleges, that the refusal to cause the Plan to pay said benefits to Plaintiff was, and is in bad faith; that the Mutual Group is able to satisfy an award of attorneys fees; that an award of such fees would deter the Defendant and others from acting similarly under like circumstances; and that Plaintiff's claims is meritorious.

**WHEREFORE**, Plaintiff prays for relief against Mutual Group as follows:

A. A judgment that Plaintiff is entitled to $57,712.00 under the Plan;

B. An order directing the Defendant to pay all benefits assigned to Plaintiff by Schatzeder, together with interest thereon at the legal rate on such payments from the date such payments were due to be paid until the date such benefits are paid;

C. Judgment in Plaintiff's favor, directing Defendant to pay Plaintiff punitive damages for Mutual Group's malicious and reckless indifference to Plaintiff's rights;

D. Judgment in Plaintiff's favor awarding Plaintiff the costs of this action together with attorney's fees and litigation expenses;

E. Judgment in Plaintiff's favor awarding Plaintiff full legal and equitable relief under ERISA; and

F. Judgment in Plaintiff's favor awarding such other and further relief as may be deemed just necessary to this Honorable Court.

Respectfully submitted,

s/ Stuart P. Krauskopf
Stuart P. Krauskopf

Stuart P. Krauskopf
Lindsay M. Malitz
Michael A. Schnitzer
The Law Offices of Stuart P. Krauskopf, P.C.
30 North LaSalle Street, Suite 3124
Chicago, Illinois 60602
312-377-9592
Atty. No. 41590

# EXHIBIT A

Date: 7/16/99

Name: *M. Schatrede*

I ASSIGN MY MEDICAL BENNEFITSAND RIGHTS FROM

BSSI

TO DR. H.M. DEBARTOLO JR. FOR SERVICES RENDERED.

*[signature]*

SIGNATURE IF INSURED