IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DR. HANSEL M. DeBARTOLO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08 CV 995 |
| ) | |
| INDIAN PRAIRIE SCHOOL DISTRICT ) | |
| NO. 204, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S RULE 12(b)(6) MOTION TO
DISMISS PLAINTIFF'S COMPLAINT**

The Defendant, INDIAN PRAIRIE COMMUNITY UNIT SCHOOL DISTRICT NO. 204, by and through its attorneys, CANNA AND CANNA, LTD., hereby moves to dismiss the Complaint at Law of the Plaintiff, DR. HANSEL M. DeBARTOLO, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support of its motion, Defendant states as follows:

**I.   INTRODUCTION**

The Plaintiff, Dr. Hansel M. DeBartolo, has filed a single-count complaint against the Defendant, Indian Prairie Community Unit School District No. 204 ("the School District"). The Complaint alleges that the School District has failed to make benefit payments to Dr. DeBartolo in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"). The School District now moves to dismiss the Complaint for failure to state a claim upon which relief can be granted, because the School District's plan falls within the "governmental plan" exemption under ERISA.

## II.     PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

A complaint does not need detailed factual allegations in order to survive a Rule 12(b)(6) motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007). However, when a complaint contains facts which demonstrate that the plaintiff is not entitled to relief, the plaintiff has pled himself out of court. *McCready v. eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006). Dismissal of a complaint is warranted under Rule 12(b)(6) if the facts pled cannot result in any plausible relief. *Segal v. Geisha NYC LLC*, 517 F.3d 501, 505 (7th Cir. 2008).

Dr. DeBartolo's Complaint asserts that his cause of action and the subject matter jurisdiction of this Court arise under the provisions of ERISA (29 U.S.C. § 1001 *et. seq.*). Specifically, Dr. DeBartolo claims a right to recover damages under 29 U.S.C. § 1132(a)(1)(B). However, the subchapter cited by Dr. DeBartolo does not apply to employee benefit plans that are governmental plans. 29 U.S.C. § 1003(b)(1) (2008). The provisions of ERISA define the term "governmental plan" as "a plan established or maintained for its employees by the Government of the United States, by the government of any State or political subdivision thereof, or by any agency or instrumentality of any of the foregoing…" 29 U.S.C. § 1002(32) (2008).

In his Complaint, Plaintiff states that the medical benefits plan at issue is maintained and administered by the School District. See Plaintiff's Complaint, ¶2. However, health benefit plans of a public school district are exempt from ERISA as "governmental plans." *Krystyniak v. Lake Zurich Community Unit District*, 783 F.Supp. 354, 355-6 (N.D.Ill. 1991); *Shirley v. Maxicare Texas, Inc.,* 921 F.2d 565, 567 (5th Cir. 1991). This is true regardless of whether the plan contains references to ERISA. *Krystyniak,* 783 F.Supp. at 356.

2

Thus, in the present case, the School District's plan is exempt from ERISA, and Dr. DeBartolo has failed to state a claim upon which relief can be granted. For these reasons, Dr. BeBartolo's Complaint should be dismissed with prejudice.

**III.    CONCLUSION**

For the reasons stated herein, Defendant requests that this Court dismiss Plaintiff's Complaint with prejudice. In addition, Defendant requests that this Court grant such other and further relief as is proper and just.

Respectfully submitted,

INDIAN PRAIRIE COMMUNITY UNIT
SCHOOL DISTRICT NO. 204


By: _____s/ Dawn M. Hinkle_____
         One of Its Attorneys

John F. Canna - ARDC #381217
Thomas J. Canna - ARDC #6180108
Dawn M. Hinkle - ARDC #6225112
CANNA AND CANNA, LTD.
10703 West 159th Street
Orland Park, Illinois 60467
(708) 349-2772