IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DR. HANSEL M. DEBARTOLO | ) | |
| | ) | |
| Plaintiff, | ) | NO. 08 C 995 |
| v. | ) | |
| | ) | Hon. Nan R. Nolan |
| INDIAN PRAIRIE SCHOOL DISTRICT NO. 204 | ) ) | |
| Defendant. | ) | |

**RESPONSE OF PLAINTIFF TO DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS**

**NOW COMES** the Plaintiff, Dr. Hansel M. DeBartolo, by and through his attorneys, Hoevel & Associates, P.C., and in response to Defendant's Rule 12(b)(6) motion to dismiss Plaintiff's complaint, states as follows:

Defendant seeks to dismiss Plaintiff's complaint on the basis that the Defendant health care plan falls under E.R.I.S.A.'s "governmental plan" exemption. Defendant's motion is not supported by any evidence. Rather, it relies solely on the allegations in Plaintiff's complaint that the medical benefits plan at issue is administered and maintained by the School District.

However, the cases cited by Defendant state that under certain circumstances, exceptions are created which will allow for an E.R.I.S.A. claim against a governmental body. (See Krystyniak v. Lake Zurick Community Unit District, 783 F.Supp. 354 (N.D.Ill. 1991) citing Livolsi v. City of New Castle, 501 F.Supp. 1146 (W.D.Pa.1980), Brooks v Chicago

Housing Authority, 1990 WL 103572 LEXIS No. 8233 (N.D. Ill 1990) and Lovelace v. Prudential Insurance Company of America, 775 F.Supp. 228 (S.D.Ohio 1991)). In Livolsi, the court held that a multi-employer welfare fund to which various employers, both private and public, contributed was not within the governmental plan exemption. In Brooks, the court ruled that where the local governmental body voluntarily chose to participate in a private benefit plan for its employees, it could not claim the exemption. The Lovelace court held that a health insurance plan was a government plan since no private employers who were eligible to participate, actually participated.

Unlike the instant case, in all of the cited cases, there was evidence supplied regarding the structure of the plan and of its participants. According to the rulings, without that analysis, no determination of whether or not a plan is a governmental plan can be made. For this reason, Defendant's motion is premature and must be denied.

**WHEREFORE**, Plaintiff, Dr. Hansel M. DeBartolo, prays that Defendant's Rule 12(b)(6) motion to dismiss Plaintiff's complaint be denied..

Respectfully Submitted,

__s/Talbot C. Hoevel_____
TALBOT C. HOEVEL

HOEVEL AND ASSOCIATES, P.C.
3725 N. Western Ave.
Chicago, IL 60618
(773) 539-0937
Fax (773) 539-2201
ARDC # 6194281

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following counsel:

jack_canna@cannalaw.com

tom_canna@cannalaw.com

dawn_hinkle@cannalaw.com

                                                   s/ Talbot C. Hoevel
                                                   Talbot C. Hoevel

Talbot C. Hoevel
Hoevel & Associates, P.C.
3725 N. Western Ave.
Chicago, IL 60618
773-539-0937
ARDC # 6194281