IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DR. HANSEL M. DeBARTOLO, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 CV 995 |
| | ) | |
| v. | ) | Magistrate Judge Nolan |
| | ) | |
| INDIAN PRAIRIE SCHOOL DISTRICT NO. 204, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY TO RESPONSE OF PLAINTIFF TO
DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS**

The Defendant, INDIAN PRAIRIE COMMUNITY UNTI SCHOOL DISTRICT NO. 204, by and through its attorneys, CANNA AND CANNA, LTD., hereby replies to the Response of Plaintiff to Defendant's Rule 12(b)(6) Motion to Dismiss as follows:

**I.   PLAINTIFF'S PLEADINGS ARE INSUFFICIENT**

Federal Rule of Civil Procedure 8(a) requires that pleadings claiming relief contain both "a short and plain statement of the grounds for the court's jurisdiction" as well as "a short and plain statement of the claim showing that the pleader is entitled to relief." "When presented with a motion to dismiss, the non-moving party must proffer some legal basis to support his cause of action." *County of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 818 (7th Cir. 2006). A district court is required to consider whether a plaintiff could prevail under any legal theory or set of facts. *Id*. at 818. However, a court may not invent legal arguments for the litigants and is not obligated to accept as true legal conclusions or unsupported conclusions of fact. *Id*.

In this case, the Plaintiff's Complaint fails to adequately plead grounds for jurisdiction and entitlement to relief. The Complaint states that jurisdiction in conferred pursuant to the

provisions of ERISA and the doctrine of supplemental jurisdiction. (Complaint, ¶ 4.) However, as noted in the Motion to Dismiss, the School District's plan is exempt under ERISA as a governmental plan. In his Response, Plaintiff attempts to create jurisdiction by citing to cases where a public employer's plan was held to be non-governmental due to the fact that private entities participated in the plan. Plaintiff argues that dismissal would be premature until evidence is supplied regarding the structure of the plan and of its participants. However, what is at issue now is the sufficiency of the pleadings. This Court is not obligated to accept as true legal conclusions or unsupported conclusions of fact. *County of McHenry*, 438 F.3d at 818. The Complaint contains no allegations suggesting that a private entity is participating in the plan with the School District. Plaintiff has provided no support for his conclusion that this School District, a governmental entity, is subject to the provisions of ERISA by virtue of some exception to the general exemption. Therefore, Plaintiff's pleadings are insufficient to survive the Motion to Dismiss.

## II.    THE SCHOOL DISTRICT'S PLAN IS A GOVERNMENTAL PLAN

Plaintiff argues in his Response that evidence must be analyzed in order to determine the applicability of ERISA and, as a result, this Motion to Dismiss is premature. However, that is not the law in the Seventh Circuit. Rather, when reviewing a dismissal for lack of subject matter jurisdiction, district courts may look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists. *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007).

In this case, evidence in the form of a brief affidavit by David Holm, the Defendant's Assistant Superintendent for Business and Finance, establishes that subject matter jurisdiction

does not exist.  As noted above, Plaintiff attempts to avoid the governmental plan exemption under ERISA by citing to cases where public employers participated in plans with private employers.  However, the cases cited in the Plaintiff's Response are easily distinguished.  In this case, the School District is a public school district of the State of Illinois.  (Exhibit 1, Holm Affidavit, ¶ 2.)  The medical benefits plan involved was established by the School District and is maintained by the School District.  (*Id*., ¶ 4.)  This plan is an independent plan of the School District and no other employers, public or private, participate in the plan.  (*Id*., ¶ 5.)  The only participants under this plan are public employees of the School District.  (*Id*., ¶ 6.)  Because private employers are not involved in this plan, ERISA's governmental plan exemption applies.  Therefore, this Court lacks jurisdiction to hear the Plaintiff's claims.

## III.    CONCLUSION

For the reasons stated herein, Defendant requests that this Court dismiss Plaintiff's Complaint with prejudice.  In addition, Defendant requests that this Court grant such other and further relief as is proper and just.

Respectfully submitted,

INDIAN PRAIRIE COMMUNITY UNIT SCHOOL DISTRICT NO. 204

By:     s/ Dawn M. Hinkle
         One of Its Attorneys

John F. Canna – ARDC #381217
Thomas J. Canna – ARDC #6180108
Dawn M. Hinkle – ARDC #6225112
CANNA AND CANNA, LTD.
10703 West 159th Street
Orland Park, Illinois 60467
(708) 349-2772