UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DR. HANSEL M. DeBARTOLO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 08 C 995 |
| ) | |
| INDIAN PRAIRIE SCHOOL DISTRICT ) | Magistrate Judge Nan R. Nolan |
| NO. 204, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM OPINION AND ORDER

Plaintiff Hansel M. DeBartolo is a physician licensed to practice medicine in the State of Illinois. He provided treatment to Nancy Schatzeder in the belief that she was covered by the terms of a medical benefit plan (the "Plan") maintained and administered by Defendant Indian Prairie School District No. 204. The Plan is a welfare benefit plan as defined under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* Ms. Schatzeder assigned to Plaintiff her right to receive benefit payments under the Plan, but Defendant has refused to pay for her treatment. Plaintiff filed this lawsuit seeking to recover the benefits allegedly owed to him under ERISA. The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), and Defendant has filed a motion to dismiss the complaint for failure to state a claim. For the reasons set forth here, the motion is granted.

### DISCUSSION

The purpose of a motion to dismiss is to test the sufficiency of the plaintiff's complaint, not to decide its merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). A motion to dismiss will be granted only "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which entitles him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In reviewing a motion to dismiss for failure to state a claim, the court accepts as true all well-pleaded factual allegations in the plaintiff's complaint and draws all reasonable inferences in his

favor. *Cler v. Illinois Educ. Ass'n*, 423 F.3d 726, 729 (7th Cir. 2005); *Franzoni v. Hartmarx Corp.*, 300 F.3d 767, 770 (7th Cir. 2002).

Defendant argues that the complaint must be dismissed because the Plan at issue is not subject to ERISA regulation. ERISA provides that a participant or beneficiary of a plan may bring a civil action "to recover benefits due to him under the terms of his plan . . . ." 29 U.S.C. § 1132(a)(1)(B). However, "[t]he provisions of this subchapter shall not apply to any employee benefit plan if . . . such plan is a governmental plan (as defined in section 1002(32) of this title)." 29 U.S.C. § 1003(b)(1). The statute defines a "governmental plan" as "a plan established or maintained for its employees by . . . the government of any State or political subdivision thereof, or by any agency or instrumentality of any of the foregoing." 29 U.S.C. § 1002(32). *See also South Cent. Indiana Sch. Trust. v. Poyner*, No. 1:06-cv-1053-RLY-WTL, 2007 WL 3102149, at *3 (S.D. Ind. Oct. 19, 2007). As a general rule, a plan established or maintained by a public school is a "governmental plan" and is not subject to ERISA. *See Krystyniak v. Lake Zurich Community Unit Dist. No. 95*, 783 F. Supp. 354, 355 (N.D. Ill. 1991) (school district's employee welfare benefit plan was exempt from ERISA); *Mudra v. School City of Hammond*, No. 2:02CV260 PPS, 2004 WL 3318761, at *11 (N.D. Ind. Feb. 6, 2004) (the defendant school was "a political subdivision of the state and thus not subject to ERISA.")

Plaintiff does not dispute this general proposition, but he notes that there is an exception to the rule that may apply in this case. (Pl. Resp., at 1-2.) Specifically, "the participation by a non-governmental employer takes a plan out of the definition of governmental plan of § 1002(32)." *Krystyniak*, 783 F. Supp. at 356 (citing *Livolsi v. City of New Castle*, 501 F. Supp. 1146 (W.D. Pa. 1980), *Brooks v. Chicago Housing Auth.*, No. 89 C 9304, 1990 WL 103572 (N.D. Ill. July 5, 1990), and *Lovelace v. Prudential Ins. Co. of Amer.*, 775 F. Supp. 228 (S.D. Ohio 1991)). In *Brooks*, for example, the Chicago Housing Authority did not establish or maintain the plan at issue, but "voluntarily chose to participate in a private benefit plan for its employees." 1990 WL 103572, at

*2. The court held that the plan was not a "governmental plan" for purposes of ERISA, explaining that "a whole plan should not be exempt from ERISA merely because a governmental body participates in the plan." *Id*. *See also Livolsi*, 501 F. Supp. at 1150 ("Since the local governmental body voluntarily accepted a private welfare benefit plan for its employees it cannot later complain that ERISA regulation of that plan invades its sovereignty."); *South Cent. Indiana Sch. Trust v. Poyner*, No. 1:06-cv-1053-RLY-WTL, 2007 WL 3102149, at *5 (S.D. Ind. Oct. 19, 2007) ("[T]he Plan at issue involves both public and private employers for the benefit of their respective employees. It is therefore subject to ERISA regulation.")

In Plaintiff's view, dismissal at this juncture is premature because discovery may reveal that non-governmental employers also participate in the Plan. (Pl. Resp., at 2.) The court disagrees. In ruling on a motion to dismiss, the court is "not obliged to accept as true legal conclusions or unsupported conclusions of fact." *County of McHenry v. Insurance Co. of the West*, 438 F.3d 813, 818 (7th Cir. 2006) (quoting *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002)). The complaint expressly alleges that Defendant maintains and administers the Plan in this case, which makes it a governmental plan for purposes of ERISA. *See South Cent. Indiana Sch. Trust*, 2007 WL 3102149, at *3 ("[A] plan is a governmental plan if it is *either* established *or* maintained by a government body for its employees.") (internal quotations omitted). Plaintiff does not allege that the Plan includes private employers, nor does he offer any support for this speculation. On its face, therefore, the complaint fails to state a claim for relief, and must be dismissed.

Federal Rule of Civil Procedure 15(a) provides that "a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . ." *Johnson v. Dossey*, 515 F.3d 778, 780 (7th Cir. 2008) (quoting FED. R. CIV. P. 15(a)). However, "[i]t is not an abuse of discretion to deny a motion to amend a complaint when such amendment would be futile," meaning "the amended complaint would not survive a motion for summary judgment." *King ex rel. King v. East St. Louis Sch. Dist. 189*, 496 F.3d 812, 819 (7th Cir. 2007). In support of its request

for dismissal with prejudice, Defendant has submitted an affidavit from David A. Holm, its Assistant Superintendent for Business and Finance, stating that Defendant established and maintains the Plan, and that "no other employers, public or private, participate in the plan." (Holm Aff. ¶ 5.) The affidavit is presumably intended to serve as evidence that amendment would be futile in this case.

"[I]f the district court wishes to consider material outside the pleadings in ruling on a motion to dismiss, it must treat the motion as one for summary judgment and provide each party notice and an opportunity to submit affidavits or other additional forms of proof." *Loeb Indus., Inc. v. Sumitomo Corp.*, 306 F.3d 469, 479 (7th Cir. 2002). The court declines to consider the affidavit in ruling on Defendant's motion to dismiss, or to convert it into a motion for summary judgment. Notably, neither party has attached a copy of the Plan documents themselves. *See Kaden v. First Commonwealth Ins. Co.*, No. 05 C 2212, 2006 WL 1444886, at *2 (N.D. Ill. May 18, 2006) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to h[is] claim.")

Plaintiff has until September 5, 2008 to file an amended complaint in this case. If Plaintiff does not file an amended complaint by September 5, 2008, the dismissal will automatically convert to a dismissal with prejudice. *See Cole v. City of Chicago*, No. 06 C 4704, 2008 WL 68687, at *5 (N.D. Ill. Jan. 4, 2008).

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss [Doc. 18] is granted without prejudice to refiling by September 5, 2008. Failure to refile by that date will automatically convert the dismissal to one with prejudice.

ENTER:

Dated: August 5, 2008

_____
NAN R. NOLAN
United States Magistrate Judge